**THE SMOKE SHOP, LLC, Petitioner,**

v.

**UNITED STATES of America and the United States Drug Enforcement Administration, Respondent.**

Case No. 12–C–1186.

United States District Court, E.D. Wisconsin.

May 21, 2013.

Bridget A. Zerner, John J.E. Markham, II, Markham & Read, Boston, MA, for Petitioner.

Erica N. O'Neil, Laura Schulteis Kwaterski, Michael J. Chmelar, United States Department of Justice, Milwaukee, WI, for Respondents.

## DECISION AND ORDER

RUDOLPH T. RANDA, District Judge.

On September 13, 2012, the United States Drug Enforcement Administration seized over $100,000.00 worth of incense products from The Smoke Shop in Delavan, Wisconsin, claiming that they needed to test the products for the presence of controlled substances. The owner of The Smoke Shop, David S. Yarmo, initially consented to the seizure under the assumption that the products would eventually be returned. Several days later, law enforcement informed Mr. Yarmo that the government would not willingly return the items that were seized. Accordingly, The Smoke Shop brought the instant action, a petition for the return of property under Federal Rule of Criminal Procedure 41(g).

The products seized from The Smoke Shop, bulk quantities of brands such as "Mary Jane Irie," "Witch Doctor," and "Mary Jane Primo," are smokable synthetic cannabinoids ("SSCs") that contain substances known as UR–144 and XLR–11. The government asserts that UR–144 and XLR–11 are analogues of the illegal substance JWH–018 and are therefore illegal under the Controlled Substances Analogue Act. Despite this assertion, the government has yet to file any criminal charges in connection with the seizure of Mr. Yarmo's property.

On February 28, 2013, the Court held a hearing where various experts and DEA employees testified regarding whether UR–144 and XLR–11 are controlled substance analogues. After the hearing, the parties deposed an additional witness and submitted briefs on the issue.

In the midst of briefing, the DEA issued a "Notice of Intent" to schedule UR–144, XLR–11, and a substance known as AKB–48 (not at issue here) pursuant to the temporary scheduling provisions of the Controlled Substances Act. 21 U.S.C. § 811(h). On May 16, 2013 the DEA issued a final order to temporarily schedule these substances. 21 C.F.R. Part 1308, Pages 28735–28739. Temporary scheduling lasts for two years, although the time period can be extended for an additional year if the Attorney General decides to pursue permanent scheduling. § 811(h)(2). As a result, the items seized from The Smoke Shop are now illegal and cannot be returned. The Smoke Shop anticipated this development and intends to amend its pleadings to state a federal tort claim for conversion.

If the DEA did not schedule these substances, the Court was going to grant The Smoke Shop's petition. As the record in this case demonstrates, the overwhelming weight of opinion in the scientific community is that the chemical structures of UR–144 and XLR–11 are not substantially similar to the chemical structure of JWH–018, and but for the DEA's scheduling of these substances, the Court would have ordered the property returned. 21 U.S.C. § 802(32)(A)(i) (a "controlled substance analogue" means a substance "the chemical structure of which is substantially similar to the chemical structure of a controlled substance in schedule I or II"). The decision to schedule UR–144 and XLR–11 suggests that they were not analogues in the first instance, and now, Mr. Yarmo must recoup his losses through further litigation against the government. Under this scenario, it seems unfair for a federal agency to seize the property of a small business owner and then keep it until it is declared illegal.

The Smoke Shop's petition for the return of property is **DENIED.** The Smoke Shop should amend its pleadings within **sixty (60)** days of the date of this Order.